## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**DONALD HUDSON EMANUEL RYAN,** :

    **Petitioner** :
  **v.**    **CIVIL ACTION NO. 3:16-1448**
                         :
**CRAIG A. LOWE, et al.**             **(JUDGE MANNION)**
                         :
    **Respondents**

### MEMORANDUM

Petitioner, Donald Hudson Emanuel Ryan, a detainee of Immigration and Customs Enforcement ("ICE"), confined in the Pike County Correctional Facility, Hawley, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges the denial of his naturalization application. (Doc. 1). For the reasons set forth below, the petition is dismissed for lack of jurisdiction.

**I. Background**

Ryan, a native and citizen of Montserrat British West Indies, arrived in the United States on July 21, 1978, at Charlotte Amalie, Virgin Islands and was admitted as an immigrant. (Doc. 1-1 at 3, Notice to Appear).

On December 3, 1987, he was convicted in the Supreme Court of the State of New York, County of Bronx, for the offense of Criminal Sale of a Controlled

Substance, 3rd Degree, in violation of the New York State Penal Law, Section 220.39, for which a sentence of two to six years incarceration was imposed. Id.

On November 25, 1988, Ryan was placed in deportation proceedings for his 1987 Cocaine conviction and subsequently, on April 13, 1993, was granted a waiver under Section 212(c) of the Act and proceedings were terminated. Id.

On June 27, 1997, Ryan filed an application for naturalization in accordance with Section 316(A) of the Immigration and Nationality Act. (Doc. 1-1 at 11-14, Application).

On September 28, 1998, Petitioner appeared for an examination of his application for naturalization. (Doc. 1-1 at 15, Decision). In a decision dated May 19, 1999, the Immigration and Naturalization Service determined that Ryan was ineligible for naturalization as a result of his 1987 conviction. Id.

On March 31, 2006, Ryan was convicted in the United States District Court for the District of Maryland for the offense of Conspiracy to import a mixture containing cocaine, in violation of 21 U.C.S. §963, for which a sentence of 188 months incarceration was imposed. Id.

On May 29, 2009, the Department of Homeland Security issues a Notice to Appear, charging Ryan as removable from the United States pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, as having been

convicted of an aggravated felony as defined in section 101(a)(43)(U) of the Act, a law relating to an attempt or conspiracy to commit an offense described in section 101(a)(43) of the Act. Id.

On September 8, 2009, Immigration Judge Walter Durling issued an order directing the removal of Ryan from the United States to Montserrat. (Doc. 1-1 at 26, Order).

Ryan states that on October 13, 2013, he challenged the denial of his 1999 naturalization under 8 U.S.C. §1421(c), in the United States District Court for the Southern District of New York, which dismissed the petition for lack of subject matter jurisdiction. (Doc. 1 at 6, petition). Petitioner appealed District Court's dismissal of his petition to the United States Court of Appeals for the Second Circuit. Id. By Order dated May 9, 2014, the Second Circuit dismissed Ryan's appeal as lacking an arguable basis in law or fact, stating that the order of removal against Ryan bars the district court from granting naturalization. (Doc. 1-1 at 2, Order).

Petitioner states that he has "filed motions for reopening several times to no avail to the BIA, all denied as time barred and number barred which led to the judicial review in the Third Circuit Court of Appeals, which was ordered summary affirmed and a resulting petition for rehearing is now pending." (Doc. 1, petition).

On July 14, 2016, Ryan filed the instant petition for writ of habeas corpus with this Court, in which Petitioner "asks the court to please take judicial notice that he has fulfilled all the requirements and has attainted the right to naturalization before the order of deportation which was only made possible because of the INS/USCIS examiner's ignorance of the laws in her misapplication of an unconstitutional bar that has no basis in law nor fact to deny Petitioner of his naturalization." Id. For relief, Petitioner seeks immediate release from ICE custody. Id.

## II. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., [Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa. 1979)](). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or

obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

It is clear that, at its core, the petition challenges the order of removal underlying Ryan's detention. Specifically, Ryan asserts that he was wrongly denied the opportunity to complete his naturalization process. Under 8 U.S.C. §1252, as amended by the REAL ID Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. §1252(a)(5). This section of the statute "divests [a district court] of jurisdiction to review" a habeas petition. . Chuva v. Attorney Gen. of U.S., 432 F.App'x 176, 177 (3d Cir. 2011). Consequently, this Court lacks jurisdiction to decide Ryan's petition. In such circumstances, a district court must dismiss the petition without prejudice, and may not transfer the case to the appropriate court of appeals. Bryan v. U.S. Citizenship & Immigration Servs., 506 F.App'x 150, 151 (3d Cir. 2012).

**Conclusion**

A review of the record reveals that this Court lacks jurisdiction to entertain Ryan's petition for a writ of habeas corpus. Consequently, his petition will be dismissed without prejudice. A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: August 15, 2016
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1448-01.wpd